UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONWIDE GENERAL<br>INSURANCE CO.,<br>    Plaintiff,<br><br>    v.<br><br>ERALD CELA, and<br>M&K EQUIPMENT LEASING,<br>    Defendants. | No. 3:16-cv-02054 (SRU) |

## ORDER REMANDING CASE

Nationwide General Insurance Co. ("Nationwide") filed a complaint against Erald Cela and M&K Equipment Leasing ("M&K") in Connecticut Superior Court. Nationwide asserted that—as subrogee of its insured, Linda Aidoo—it was entitled to recover damages in the amount that it had paid Aidoo under an insurance policy for losses allegedly caused by the defendants' negligence. The defendants removed the case to this court under 28 U.S.C. § 1441(a), arguing that I have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because a related suit by Aidoo against the defendants is currently pending before my colleague U.S. District Judge Victor A. Bolden. Because I conclude that supplemental jurisdiction does not constitute the "original jurisdiction" required for removal, I *sua sponte* remand the case to state court.

**I.      Standard of Review**

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, whether a civil action may be removed from state court turns on whether "the district court has original jurisdiction," *Aetna*

*Health v. Kirshner*, 415 F. Supp. 2d 109, 112 (D. Conn. 2006) (Arterton, J.), as determined "by looking to the complaint as it existed at the time the petition for removal was filed," *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 79 (D. Conn. 1998) (Droney, J.).

"The burden of establishing the existence of federal subject matter jurisdiction rests on the removing party," *Kirshner*, 415 F. Supp. at 112, and "courts may raise jurisdictional defects in removal cases *sua sponte*." *Stark v. Tyron*, 171 F. Supp. 3d 35, 39 (D. Conn. 2016) (citing *Barbara v. N.Y. Stock Exch.*, 99 F.3d 49, 53 (2d Cir. 1996)). "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8 (1983).

## II.   Background

The instant case stems from an automobile collision that occurred on August 18, 2015, on Interstate 95 in Stratford, Connecticut. A car driven by Linda Aidoo, Nationwide's insured, became disabled due to a mechanical problem as she traveled in the center southbound lane. *See* Compl., Ex. A to Pet. Removal, Doc. No. 1, at 9. At the time, defendant Erald Cela was driving a tractor trailer, owned by defendant M&K Equipment Leasing, behind Aidoo's vehicle. *See id.* After Aidoo stopped, Cela struck her vehicle, allegedly as the result of his negligence (which also has been attributed to M&K pursuant to section 52-183 of the Connecticut General Statutes).[1] *See id.* at 10–11. Nationwide asserts that under Aidoo's insurance policy, it reimbursed her for $13,528.63 in losses caused by the collision.

---

[1] That section reads, "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption." Conn. Gen. Stat. § 52-183.

Aidoo and her passenger, Nana Aidoo, subsequently filed suit against Cela and M&K in Connecticut Superior Court. The defendants removed that civil action to this court on August 11, 2016. Pet. Removal, Doc. No. 1, at 2. Aidoo's lawsuit remains pending before Judge Bolden. *See Aidoo v. Cela*, No. 3:16-cv-00147 (VAB).

Months later,[2] Nationwide also sued Cela and M&K in Connecticut Superior Court. Nationwide's claims are brought as subrogee of its insured,[3] and its complaint contains the same allegations and arises out of the same facts as Aidoo's lawsuit. Nationwide claims damages in the amount of $13,528.63. *See* Compl., Ex. A to Pet. Removal, Doc. No. 1, at 9, 11. The defendants removed Nationwide's action from state court on December 14, 2016, arguing that—because Judge Bolden has jurisdiction over Aidoo's claims—I have supplemental jurisdiction over Nationwide's lawsuit pursuant to section 1367(a). Pet. Removal, Doc. No. 1, at 3–4.

### III.   Discussion

Section 1441(a) permits removal of "civil action[s] . . . of which the district courts of the United States have original jurisdiction." Thus, the defendants may remove Nationwide's action from state court only if I would have had subject matter jurisdiction over the lawsuit had it been filed in federal court. *See Aetna Health*, 415 F. Supp. 2d at 112.

---

[2] Nationwide's complaint was filed on December 1, 2016, and the return date was January 10, 2017. *See* Summons, Ex. A to Pet. Removal, Doc. No. 1, at 8.

[3] Under Connecticut law, "insurers that are obligated by a preexisting contract to pay the losses of an insured [may] proceed in a subsequent action against the responsible party under the theory of equitable subrogation . . . ." *Wasko v. Manella*, 269 Conn. 527, 533 (2004). "[E]quitable subrogation . . . include[s] every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." *Westchester Fire Ins. Co. v. Allstate Ins. Co.*, 236 Conn. 362, 370–71 (1996). Because "[t]he tortfeasor . . . [as] the party primarily responsible for the losses sustained by the insured[,] benefited by the insurer's payment of a debt truly owed by the tortfeasor," the insurer "bec[omes] subrogated to any rights that its insured might have had against the party who had caused the loss" and may file its own claims for damages. *Id.* at 372.

The defendants do not assert that I have federal question jurisdiction, because Nationwide does not bring any claims that "aris[e] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808–10 (1986). They also admit that I lack diversity jurisdiction: although the parties are completely diverse,[4] the amount in controversy—$13,528.63—falls below the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332. The defendants contend, however, that "because this [c]ourt does have original jurisdiction over the *Aidoo* action, . . . this [c]ourt has supplemental jurisdiction over the state court action pursuant to [section] 1367(a)." Pet. Removal, Doc. No. 1, at 3–4. The defendants are mistaken, and I do not have jurisdiction over the present case.

The federal supplemental jurisdiction statute empowers district courts to hear "claims that are so related to claims in [an] action within [their] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The defendants assert that the present case and *Aidoo* "clearly arise from the same motor vehicle accident and involve the same parties, particularly [because] any rights [] Nationwide has to recovery against [the defendants] are derivative of those of its insured." Pet. Removal, Doc. No. 1, at 4. The defendants may well be correct that *Aidoo* and the instant action "are so related . . . that they [would] form part of the same case or controversy" if Nationwide's claims were brought as part of Aidoo's lawsuit. *See id.*; *cf.* 28 U.S.C. § 1367(a) ("[S]upplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."). For purposes of removal, though, the analysis is quite different.

---

[4] Nationwide is a citizen of Ohio (where it is both incorporated and has its principal place of business), and Cela and M&K are both citizens of Pennsylvania (where Cela resides and is domiciled, and M&K and its general partner are organized and have their principal places of business). *See* Pet. Removal, Doc. No. 1, at 3.

4

Because "a 'court must have jurisdiction over a case or controversy *before* it may assert jurisdiction over ancillary claims,'" the Supreme Court explicitly has held that "[a]ncillary jurisdiction . . . cannot provide the original jurisdiction that [defendants] must show in order to qualify for removal under § 1441." *Syngenta Crop Prot. v. Henson*, 537 U.S. 28, 34 (2002) (emphasis added) (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)). Thus, "[i]n order to exercise supplemental jurisdiction, a federal court must *first* have before it a claim sufficient to confer subject matter jurisdiction." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (emphasis added) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute."[5] *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456

---

[5] A slight exception may exist for cases in which plaintiffs dispute attorneys' fees or allege legal malpractice stemming from a federal lawsuit. In such cases, "when the dispute relates to the main action" over which a federal court has jurisdiction, the Second Circuit has approved "exercis[ing] ancillary jurisdiction to hear [] disputes . . . between litigants and their attorneys." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988)). The Second Circuit reasoned that the "court's familiarity . . . with the amount and quality of work performed by [counsel] would enormously facilitate rapid disposition of a fee dispute, [whereas] a great deal of the record would have to be considered anew and relitigated in a state court unfamiliar with the proceedings." *Id.* at 336 (2d Cir. 2006) (quoting *Cluett, Peabody & Co.*, 863 F.2d at 256).

Those decisions predate section 1367, however, and do not appear to involve removal disputes. Moreover, in supposing "the existence of some form of derivative subject matter jurisdiction over analogous state law fee disputes *arising from* proper federal controversies," the Second Circuit opinions are easily distinguishable from the present action. *See id.* at 335 (emphasis added). Here, Nationwide's subrogated negligence claims do not "aris[e] from" the "proper federal controvers[y]" presented by Aidoo's suit. *See id.* Rather, both claims independently "aris[e] from" the automobile collision, and the existence of diversity jurisdiction over one action (because the amount in controversy requirement has been satisfied) does not mean that jurisdiction exists over the other. *Cf. Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985) ("When there are separate claims against the party responsible for a loss suffered by an insured and an insurer, there is no unlawful splitting. The fact that the defendants may be required to defend more than one action arising from the same

(6th Cir. 1996) (internal citations omitted). Accordingly, section 1367 "plainly does not provide a separate basis for removal of independent state law actions." *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705 (8th Cir. 2003); *accord Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) ("[T]he district court . . . cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction."); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010) ("Supplemental jurisdiction on its own does not give federal courts the power to remove a state case that does not arise from a federal question or offer complete diversity of citizenship [and satisfy the amount in controversy requirement]."); *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[W]here there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under [section] 1367.").

The defendants suggest that this court can exercise supplemental jurisdiction over the instant case if I consolidate Nationwide's claims with Aidoo's lawsuit pending before Judge Bolden. *See* Pet. Removal, Doc. No., at 4. That, too, is incorrect. Federal Rule of Civil Procedure 42(a), which authorizes consolidation, "requires that *both* actions be 'pending before the court[,]' and an improperly removed action does not meet th[at] criterion." *United States ex rel. Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987); *accord ACR Energy v. Polo North Country Club*, 309 F.R.D. 193, 194–95 (D.N.J. 2015) ("[A]n action that has [] been improperly removed . . . fails to constitute an action 'before the court' for purposes of consolidation."). "[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the

---

tort is not grounds for finding the insured an indispensable party to its insurer's partial subrogation action." (internal citations omitted)).

other." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Therefore, "[t]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action." *Motion Control Corp.*, 354 F.3d at 706 (quoting *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995)).

In short, "supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under [section] 1441(a)—'even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.'" *Port Auth. v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) (quoting *Ahearn*, 100 F.3d at 456). Regardless of any "policy appeal" to the notion that Nationwide's and Aidoo's related claims "should be litigated in a single forum, before a single judge, as a single case, that argument cannot supply the basis for original jurisdiction otherwise lacking in [the] removal petition." *See id.* (internal quotation marks omitted).

**IV.   Conclusion**

Because supplemental jurisdiction does not constitute "original jurisdiction" under the federal removal statute, and the parties have not raised any other grounds for me to exercise jurisdiction, I hold *sua sponte* that removal was improper. *See Stark*, 171 F. Supp. 3d at 39. I order the case dismissed for lack of subject matter jurisdiction, and direct the Clerk to effect remand to Connecticut Superior Court, Judicial District of Fairfield at Bridgeport.

The Clerk shall transfer the file to state court and close the case.


So ordered.

Dated at Bridgeport, Connecticut, this 4th day of January 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge